UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

PHILLIP JOASPH KNIGHT                        CIVIL ACTION

VERSUS                                       NUMBER: 07-503

KATHRINE GUST, ET AL.                        SECTION: "I"(5)


### REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se, plaintiff, Phillip Joasph Knight, has filed the above-captioned matter in forma pauperis against defendants, Katherine Guste of the Indigent Defenders' Board for the Twenty-Fourth Judicial District; the Twenty-Fourth Judicial District Court; Judge Joan Benge of the Twenty-Fourth Judicial District Court; the Gretna Police Department; and, the District Attorney for the Parish of Jefferson whom plaintiff identifies as "Harry Conick j."

Plaintiff is an inmate of the Jefferson Parish Correctional Center, Gretna, Louisiana. Although his principal pleading is far

from being a model of clarity, based on a review of plaintiff's complaint in this and other cases that he has filed here,[1] it appears that plaintiff is a pre-trial detainee awaiting trial on a charge of second degree murder.  That charge is pending on the docket of Judge Joan Benge with Katherine Guste having been appointed as plaintiff's attorney.  Plaintiff alleges that Guste failed to provide him with a police report on the crime in question or to file other motions in the case; that Judge Benge essentially allows the prosecutor to run her section of the court; that an unidentified lieutenant with the Gretna Police Department put blood on plaintiff's pants to make him out as the murderer; and, that the prosecutor has lied and falsified the police report in some unspecified fashion.  Plaintiff seeks five million dollars in damages and his release form imprisonment.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a

---

[1] Knight v. Colens, 06-CV-4538 "J"(2); Knight v. 24th Judicial District Court, et al., 06-CV-4537 "S"(3).

claim under 42 U.S.C. §1983. <u>Caldwell v. Line</u>, 676 F.2d 494 (5th Cir. 1982); <u>Richardson v. Fleming</u>, 651 F.2d 366 (5th Cir. 1981); <u>Johnson v. Hardy</u>, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that he remains incarcerated due to the neglect of his court-appointed counsel as well as other transgressions committed by the state court judge, prosecutor, and police. Such allegations clearly challenge the fact and duration of his confinement, proper habeas corpus issues which cannot be addressed until Knight has exhausted available state court remedies with respect to such allegations. <u>McGrew v. Texas Board of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995); <u>Boyd v. Biggers</u>, 31

F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint. As to defendant Guste, absent allegations of a conspiracy with traditional state actors, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985). Similarly, the Twenty-Fourth Judicial District Court and the Gretna Police Department are not entities capable of being sued under §1983. Moity v. Louisiana State Bar Association, 414 F.Supp. 180, 182 (E.D. La.), aff'd, 537 F.2d 1141 (5th Cir. 1976)(table); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988). The named defendant judge and prosecutor are also entitled to absolute judicial and prosecutorial immunity here. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Finally, unless and until plaintiff is able to have his confinement

invalidated by an appropriate state or federal tribunal, he has no §1983 cause of action for the improprieties of which he complains herein.  Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Plaintiff's §1983 claims should be thus be dismissed with prejudice under 28 U.S. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en

banc).

New Orleans, Louisiana, this __9th__ day of _____February_____, 2007.

                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE